Iris Velia **RIVERA–FLORES,** Plaintiff,

v.

**PUERTO RICO TELEPHONE
CO.,** Defendant.

**Civ. No. 89–1697 (HL).**

United States District Court,
D. Puerto Rico.

Dec. 1, 1993.

**4**

Harry Anduze–Montano, Guillermo J. Ramos–Luina, Hato Rey, PR, for plaintiff.

Edgardo Colon–Arraras, Migdalia Davila–Garcia, Goldman, Antonetti, Cordova & Axtmayer, Rogelio Capestany–Morales, San Juan, PR, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is Puerto Rico Telephone Company's ("PRTC") motion for summary judgment. PRTC's motion, for the reasons stated below, is denied.

## BACKGROUND

Plaintiff, Rivera–Flores, a former employee of PRTC, brought suit against PRTC claiming discrimination on the basis of handicap under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The applicable part of section 504 states "No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, ... be subjected to discrimination under any program or activity receiving Federal financial assistance...." PRTC has received or has expected to receive Federal funds through the Federal Emergency Management Agency ("FEMA") since 1985. These Federal funds are reimbursements for the various expenditures made by PRTC in its efforts to repair the damage caused by various hurricanes and heavy rains.

Before filing this complaint, plaintiff, as a member of the PRTC employee union, pursued the grievance procedures set out in the union's collective bargaining agreement with PRTC in order to complain about her unfair transfer from service representative to traffic operator that occurred on April 10, 1986. After the arbitrator reinstated plaintiff to her position as service representative, plaintiff alleges she was subjected to various forms of discrimination and harassment based on her disability. On April 21, 1989, plaintiff reported to the State Insurance Fund for treatment of an emotional and mental condition she claimed to have developed due to the harassment she encountered at work. Plaintiff was discharged from the State Insurance Fund on December 7, 1991. Upon returning to work, plaintiff discovered that defendant had terminated her. She was not afforded a pretermination hearing. This lawsuit followed.

## DISCUSSION

The defendant rests its motion for summary judgment on four distinct grounds. First, defendant argues that the receipt of federal funds through FEMA does not make PRTC subject to section 504 of the Rehabilitation Act of 1973. The Court disagrees. FEMA published a notice in the Federal Register stating that until it published its own regulations, "it will operate in accordance with the regulations developed by the Department of Health and Human Services (HHS), ... the Agency responsible for promulgating general regulations to implement provisions of the Rehabilitation Act of 1973, as amended (29 U.S.C. 794)." 48 Fed.Reg. 30448 (1983). Said regulation developed by the Department of Health and Human Services prohibits the discrimination in employment of qualified handicapped persons under any program or activity receiving Federal financial assistance. 45 CFR § 84.11 (1977). Therefore, PRTC, as a federal fund recipient through FEMA, is subject to the provisions of the Rehabilitation Act.

The second ground advanced by defendant consists of two arguments. First, defendant claims that PRTC was not receiving "Federal financial assistance" at the time of the alleged discriminatory acts, and therefore, did not violate the Rehabilitation Act. The sec-

ond argument posits that even if PRTC was receiving assistance during the alleged discriminatory conduct, the company did not violate the Rehabilitation Act, which outlaws employment discrimination by "any program or activity receiving Federal financial assistance." This is so, defendant asserts, because PRTC's Federal funding was for disaster assistance and not related to the program or activity in which plaintiff was employed. Additionally, PRTC asserts that the Civil Rights Restoration Act of 1987 (hereinafter "Restoration Act"), which clarifies that the provisions of the Rehabilitation Act are not limited to the specific program or activity receiving the Federal funds, is not meant to apply retroactively and therefore cannot apply to this case.

Defendant's arguments do not carry the day. First, neither party contests the fact that after various hurricanes and heavy rains in Puerto Rico, PRTC applied for Federal financial assistance to receive reimbursement for expenditures paid to repair the damage caused by the disasters. Neither party contests the fact that PRTC either was receiving Federal funding or was awaiting the receipt of funding throughout the period of the alleged discriminatory conduct. The Court finds that in the context of the Rehabilitation Act, an employer "receiving Federal financial assistance" includes a qualified applicant who although approved to receive the funds is awaiting the receipt of them.[1] Consequently, because PRTC was either receiving or expecting to receive Federal financial assistance throughout the period pertinent to plaintiff's claim, the Court finds that PRTC was "receiving Federal financial assistance" and is subject to the Rehabilitation Act for that period of time.

Furthermore, the Court finds persuasive and follows the majority of circuit courts holding that the Civil Rights Restoration Act of 1987 is retroactive, thereby covering cases pending during its enactment. *See, Butts v. City of New York Dept. of Housing Preservation and Dev.,* 990 F.2d 1397, 1406–07 (2nd Cir.1993) (because the Restoration Act's purpose was to "restore" and "clarify" the meaning of the language in the Act, and because Congressional sponsors' stated in their floor speeches that the Act was to be retroactive, the Court holds the Act to apply retroactively); *Ayers v. Allain,* 893 F.2d 732, 754–756 (5th Cir.1990) (holding that retroactive application of a statute that clarifies a Supreme Court decision, such as the Restoration Act, is appropriate), *vacated on other grounds* 914 F.2d 676 (5th Cir.1990) (en banc), *rev'd sub nom United States v. Fordice,* —— U.S. ——, 112 S.Ct. 2727, 120 L.Ed.2d 575 (1992); *Lussier v. Dugger,* 904 F.2d 661, 665–666 (11th Cir.1990) (because the Restoration Act's purpose is to restore the coverage of the Rehabilitation Act and because retroactivity will not cause "manifest injustice," the Court holds the Civil Rights Restoration Act to be retroactive); *Reynolds v. Martin,* 985 F.2d 470, 475 (9th Cir.1993) (retroactive application of a statute is appropriate when the statute's purpose is to clarify the Supreme Court's interpretation of previous legislation). *But see, DeVargas v. Mason & Hanger–Silas Mason Co.,* 911 F.2d 1377, 1384–1388 (10th Cir.1990) (because there is an absence of clear intent by Congress that the statute be applied retroactively, the Court holds that the Restoration Act is not retroactive), *cert. denied,* 498 U.S. 1074, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). Therefore, this Court finds that throughout the period that PRTC was receiving Federal financial assistance, the antidiscrimination provisions of the Rehabilitation Act are not limited to only those programs or activities receiving the Federal funds.

The third ground defendant cites to support its motion for summary judgment is that the grievance procedure established by the collective bargaining agreement between PRTC and plaintiff's union is the exclusive remedy for plaintiff's complaint. Again, defendant's argument is flawed. Because plaintiff's claim concerns employment discrimination, she is able to bring it in federal

---

1. This definition does not mean that an ineligible employer will be covered by the Rehabilitation Act simply by applying for Federal funding. To meet the definition of "receiving Federal financial assistance" under the Rehabilitation Act, the employer must be qualified and approved for receipt of Federal financial assistance.

court despite the existence of the grievance procedure. *See, Utley v. Goldman Sachs & Co.*, 883 F.2d 184, 185 (1st Cir.1989) (citing *Alexander v. Gardner–Denver*, 415 U.S. 36, 45, 94 S.Ct. 1011, 1018, 39 L.Ed.2d 147 (1974) (despite strong federal policy in favor of arbitration, Title VII claims are to be enforced in federal courts)), *cert. denied*, 493 U.S. 1045, 110 S.Ct. 842, 107 L.Ed.2d 836 (1990).

 Defendant's fourth and last argument is that the Workmen's Accident Compensation Act, 11 L.P.R.A. § 1 et seq., immunizes PRTC from plaintiff's damages claim. Defendant further asserts that the Act justifies PRTC's decision to dismiss plaintiff for a disability that lasts for more than one (1) year from the date of the accident. 11 L.P.R.A. § 7. The Puerto Rico Supreme Court has held, however, that the Workmen's Compensation Act does not immunize companies from employment discrimination claims because the Act does not cover injuries arising from intentional discrimination. *Odriozola v. Superior Cosmetic Distrib. Corp.*, 116 D.P.R. 485, 501 (1985). If the State Insurance Fund has already compensated an employee for damages sustained due to discrimination, the Fund is entitled to seek reimbursement. *Id.* Therefore, under *Odriozola*, PRTC is not immune from plaintiff's claim for damages. Additionally, an employer must afford an employee an opportunity for a hearing prior to dismissal, even if the dismissal occurs after the twelve month period of disability has elapsed. *Carron Lamoutte v. Compania de Tourismo*, 92 JTS 27, at 9307 (1992). Here, plaintiff was not afforded such a pretermination hearing. PRTC should have provided plaintiff with an opportunity for a hearing before dismissing her under the Workmen's Accident Compensation Act.

## CONCLUSION

Because defendant is not entitled to a judgment as a matter of law, the motion for summary judgment is denied.

IT IS SO ORDERED.